## Thomas W. Scollard v. City of Dallas.

Delivered June 19, 1897.

**1. Municipal Taxation.**

The validity of city ordinances levying taxes is not affected by the fact that the city council, as a preliminary step, required the mayor and finance committee to make estimates and calculations.

**2. Same—Levy of Taxes.**

The assessment rolls need not be officially approved before the levy of city taxes under a provision in the city charter that the council shall "examine the assessment rolls and levy" the taxes.

**3. Same—City Board of Equalization—Constitutionality.**

A provision in the charter of a city having over 10,000 inhabitants for a board of appeals with full power to equalize values of assessed property is authorized by article 11, section 5, of the Constitution, providing that such cities may levy, assess, and collect such taxes as may be authorized by the law (without prescribing the manner of assessment), and does not violate article 8, section 16, requiring the Legislature to provide for equalizing the valuation of all property subject to taxation, with the provision that the County Commissioners Court shall constitute the board of equalization, as such provision relates to State and county taxes only.

**4. Same—Description of Property.**

An assessment for taxes will not be held invalid for insufficiency of the description of the property assessed, where it was originally assessed as it was described by the taxpayer, and was subsequently reassessed on a supplemental roll in accordance with a statutory provision, and in the reassessment the description is full and accurate.

APPEAL from Dallas. Tried below before Hon. Edward Gray.

*John L. Henry, William P. Ellison,* and *John L. Young,* for appellant.

1. A property owner is not estopped to object to the insufficiency of a description furnished by himself, when such description is not merely erroneous, but wholly defective and meaningless. Welty on Assessments, sec. 84; Power v. Bowdle, 44 Am. St. Rep., 511; Oak Cliff v. Dallas Transit Co., 8 Texas Civ. App., 217; Cool. on Tax., 264; Hubbard v. Windsor, 15 Mich., 146.

2. The description and statement of the amount taxed on the original rolls were absolutely meaningless and insufficient to describe any property, or to state any sum of money. Carmichael v. Aiken, 13 La., 205; Wofford v. McKenna, 23 Texas, 36; Welty on Assessments, secs. 80, 85, 94; Cool. on Tax., 282; Blackwell Tax Titles, 151; Ozee v. Henrietta, 38 S. W. Rep., 768; People v. Reat, 107 Ill., 586; Desty on Tax., 566-568.

3. The city council in 1895 had no power to validate assessments made in 1892, 1893, and 1894, which were wholly void because of fatally defective description of the property. Desty on Tax., 579, and notes 27, 28; Cool. on Tax., 1 ed., 228, 229.

4. Even though a property owner should be in fact notified, and was granted a hearing before a tribunal appointed for the purpose of hearing controversies, such facts would not relieve the law from objection, if it does not provide as a right for due process of law. The constitutionality of such law is to be determined not by what has been done under its provisions, but by what may be done by virtue of such provisions. Santa Clara v. Railway, 18 Fed. Rep., 429; Stuart v. Palmer, 74 N. Y., 188; Railroad Tax Cases, 13 Fed. Rep., 750; Rutherford's Case, 72 Pa. St., 82.

5. The fact that a taxpayer renders property for taxation does not estop him from urging the unconstitutionality of the tax proceedings. Steckert v. East Saginaw, 22 Mich., 104; McLaurin v. Grand Forks, 27 Am. and Eng. Corp. Cases, 161; Ardrey v. City of Dallas, 35 S. W. Rep., 731.

6. Section 130 of the charter of Dallas is unconstitutional, because the Legislature has no power to provide for any board of equalization other than the County Commissioners Court, in each county. Desty on Tax., 465, note 17, pp. 175, 475-481; Spratt v. Jacksonville, 18 So. Rep., 362; Const. 1876, art. 8, secs. 1, 9, 18; Id., art. 11, sec. 5; Id., art. 8, sec. 9; Norris v. Waco, 57 Texas, 641; Bank v. Pilsbury, 31 La. Ann., 15; New Orleans v. Davidson, 30 La. Ann., 555; Gilman v. Sheybogan, 2 Black, 510; Weeks v. Milwaukee, 10 Wis., 186; Knowlton v. Rock Co., 9 Wis., 410; O'Donnel v. Bailey, 24 Miss., 386.

*A. P. Wozencraft* and *T. A. Work,* for appellee.—1. A substantial compliance with the city charter was all that was required by law in the levy of the taxes. Labadie v. Dean, 47 Texas, 90; Railway v. Harrison, 54 Texas, 119; Cool. Const. Lim., p. 77; Desty on Tax., 520; 25 Am. and Eng. Encyc. of Law, 190, 449; Raley v. Guinn, 76 Mo., 236.

2. A taxpayer can not complain of any irregularity in the assessment which was caused by his own act. Trust Co. v. City of Oak Cliff, 8 Texas Civ. App., 17.

3. If any irregularity existed in the manner of the levying of taxes by the city of Dallas for the said years, or in the assessment, or in the return of the assessment rolls, the same was cured by section 154 of an act entitled, "An act to incorporate the city of Dallas and to grant it a new charter," passed by the Legislature on March 18, 1897. Dallas City Charter, secs. 154, 156; Desty on Tax., 611-614; 25 Am. and Eng. Encyc. of Law, 447.

LIGHTFOOT, CHIEF JUSTICE.—This is a suit brought by the city of Dallas against appellant to recover certain city taxes, assessed and levied against the appellant for the years 1892, 1893, and 1894, upon the property set out and described in plaintiff's petition, and to foreclose the tax lien given by law upon such property. There was a judgment below for plaintiff, from which this appeal is taken.

The conclusions of fact found by the court below have not been excepted to by appellant, and we adopt the same. The allegations of plaintiff's petition were sustained by the facts. We will set out under the different assignments such additional conclusions as may be necessary.

1. Under the first and second assignments of error, it is claimed that the court erred (1) in overruling defendant's special exception to the petition of plaintiff, because the property as originally assessed was not sufficiently described, and (2) in permitting plaintiff to introduce in evidence the supplemental assessment roll of 1895, giving a correct description, because the city council at such time had no power to adopt such roll.

Neither of these assignments is well taken. The property as originally assessed was given in under oath by appellant and his agents. It is not claimed that the property was misdescribed, or that there was no description, but that some of the lots were not not fully described. In the supplemental assessment, which was authorized by law, each lot was fully and accurately described. If the description of the property was lacking in fullness and accuracy in the original assessments, it was the fault of appellant and his agents who gave it to the assessor, under oath. See Trust Co. v. Oak Cliff, 8 Texas Civ. App., 217, and authorities there cited.

The city charter reads as follows: "Sec. 138. If the assessor shall discover any real or personal property which was subject to taxation for any previous year, and which from any cause has escaped taxation for that year, he shall assess the same in a supplement to his next assessment roll at the same rate under which such property should have been assessed for such year, stating the year, and the taxes thereon shall be collected in the same manner as other assessments."

Under this section, the property of appellant was again duly assessed on a supplemental roll, with full and accurate description of every lot. The main objects to be attained in the description are: (1) that the owner may know what land is assessed; (2) that the public may know

what land is to be sold; and (3) that the purchaser may know what land he buys.

Mr. Cooley, in discussing the question of description in assessment, says: "The owner, if it has been prepared by himself, will read it in connection with his own knowledge of those surrounding circumstances, in the light of which he has framed it; but an equally imperfect description, prepared by another and unaccompanied by such circumstances, would fail to convey to his mind any idea that his own land was intended." Cool. on Tax., 405, citing Jeffries v. Clark, 23 Kan., 448.

Again, the same learned writer, after discussing the various rules, says: "A more satisfactory rule would seem to be, that 'the designation of the land will be sufficient if it afford the means of identification, and do not positively mislead the owner,' or be calculated to mislead him." Id., 407. But in this case the city officials, out of an abundance of caution, caused the property to be reassessed upon a supplemental roll, with a description so full and accurate that no question can be raised upon it.

2. Appellant's third assignment of error is as follows: "The judgment of the court is contrary to law and the evidence, because it appears by plaintiff's charter that during the years 1892, 1893, and 1894, there was no constitutional provision therein for equalizing the value of property taxed, or by which property owners in the city of Dallas were afforded an opportunity to be heard, before a fair and impartial tribunal, in any controversy as to the value of any property upon which said plaintiff attempted to levy taxes; and therefore, said city during said years was without power to levy taxes on defendant's property."

It fully appears from the evidence that appellant and his agents gave in the property for taxation, under oath, for the years 1893 and 1894, and that the city accepted it at the value thus assessed, and that no changes have been made therein. That for the year 1892 the property was given in by appellant for taxation, and the city added to one lot the value of certain improvements placed upon it, and reduced the value of another lot, of which changes by the board of appeals appellant had due and legal notice, and of which he has not complained, and does not now complain; but for the subsequent years (1893 and 1894) he assessed the property, fixing the value himself in accordance therewith. Although appellant has not complained in this case or attempted to appeal from anything done in making the assessment, and has not objected to any valuation or assessment made, yet he contends under this assignment that the city was without power to levy and collect a tax, because no constitutional provision had been made for a board of appeals, in the event he should have needed it. We can not sustain this contention.

Under section 140 of the city charter, as amended by the Act of March 9, 1891, legal provision is made for a board of appeals to decide upon the value of property assessed when the assessor and property owner can not agree upon such value. It appears that the board of appeals was duly and legally organized and at work during the years 1892, 1893, 1894, and 1895; but there being no disagreement between appellant and appellee, no

question was submitted by them or either of them for the decision of such board, except as above indicated for the year 1892, of which no complaint is made. But appellant contends that the provision made by statute and the creation of the board under it were unconstitutional and void, because the Legislature had no power to provide for any board of equalization other than the County Commissioners Court, and that such court has exclusive power to equalize values for all purposes of taxation, whether State, county, or city.

It is true, that under the general title "Taxation and Revenue," in article 8, section 18, of our Constitution, it is said that: "The Legislature shall provide for equalizing, as near as may be, the valuation of all property subject to or rendered for taxation (the County Commissioners Court to constitute a board of equalization); and may also provide for the classification of all lands with reference to their value in the several counties."

The subject under consideration was State and county taxes, and the latter portion of the section clearly shows that it has reference exclusively to the value of property in the several counties, and was not intended to be extended to cities, which are provided for in a different article of the Constitution.

Under article 11, provision is made for taxes in towns and cities, and section 5 of that article provides for cities having over 10,000 inhabitants, and that they "may levy, assess, and collect such taxes as may be authorized by law," leaving the mode and manner of assessment and the regulation thereof to the Legislature.

There being no limitation placed upon the Legislature as to the mode and manner of assessment and the equalization of taxes for cities having over 10,000 inhabitants, the charter of the city of Dallas was granted, which provides for a board of appeals with full power to equalize values. See Ferris v. Kimble, 75 Texas, 476.

3. Under the fourth and fifth assignments, which are presented together, appellant complains that the taxes for the years named were not legally levied and assessed, because (1) the ordinances of the city making such levies were passed before the assessment rolls were completed; (2) the city council did not examine the rolls before passing the ordinances; (3) the city council did not approve the rolls; (4) that the city council did not itself levy the taxes for the years mentioned, but delegated the authority to the mayor and finance committee.

In section 130 of the city charter it is provided that "the council at the second regular meeting in June of each year, or as soon thereafter as practicable, shall examine the assessment rolls and levy the annual tax for such year."

It fully appears from the evidence that the following ordinances were duly and legally passed by the city council of Dallas, levying the taxes sued for by the city in this case: Ordinance passed August 8, 1892, levying the taxes for 1892; ordinance passed June 13, 1893, levying the taxes for 1893, and ordinance passed June 28, 1894, levying the taxes for 1894.

At the several times mentioned, before the ordinances were passed by

the city levying the taxes, the assessment rolls had been substantially completed by the assessor, and while left open for corrections and additions, the city council could form therefrom a substantially correct statement of the taxable value of the city upon which to make the levy, and in each of said years before making the levy, they caused the assessment rolls to be examined, and based their levy upon such assessments.

The charter provides that supplemental tax rolls shall be made out by the assessor when additions can be made to the original rolls, and the fact that such rolls were not entirely perfected would not render the levy invalid. The object of the law is, that before the city council can make the levy, it must have before it as a basis the assessment roll. Guided by this official information, the council is empowered to make the levy. Without it, the council should not act. From the facts proved and the conclusions of the court below thereon, which are not excepted to by appellant, we conclude that this prerequisite was substantially complied with by the city.

The charter does not provide that the assessment rolls should be officially approved before the levy. The ordinances of the city levied the taxes, and the fact that the council, as a preliminary step, required its mayor and finance committee to make the estimates, calculations, etc., could not invalidate their act.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error denied by Supreme Court.