## NALLE V. CITY OF AUSTIN.

### Decided May 16, 1900.

**1. Constitutional Law—Title of Act—City Charter—Board of Equalization.**

Entitling an act as one to incorporate a named city was sufficient to authorize the Legislature to provide therein a complete system of municipal government, including the essential subject of taxation, and any mode which might be deemed advisable for the assessment and collection of taxes, including the creation of a board of equalization.

**2. County Court—Constitution—Jurisdiction—Appeal from Board of Equalization.**

The power conferred by the Constitution to increase, diminish, or change the jurisdiction of the county court enables the Legislature to confer upon it jurisdiction over appeals from the decisions of a city board of equalization.

**3. Constitution—Law Valid in Part—Taxation.**

The provisions in the charter of the city of Austin governing assessment and collection of taxes, including those relating to the board of equalization, are not so dependent upon the provision for an appeal from that body to the county court as to be held ineffective if that provision were unconstitutional.

**4. Taxation—Levy for Bonded Debt—Burden of Proof.**

The levy of a tax by the city council to meet interest and sinking fund of a bonded debt was prima facie valid and evidence of the existence of such debt.

**5. Trial by Court—Presumption as to Finding.**

Where no findings of fact are made by the trial judge, it will be presumed that he found any fact necessary to support his judgment and which there was evidence to warrant.

**6. Charter—Notice—Publication.**

A charter authorizing the city council to "provide for notices to be given taxpayers to appear" before the board of equalization, does not restrict them to actual notice, and they may authorize it by publication.

**7. Officer—Appointment—Presumption.**

The legal appointment of one found filling an office will be presumed.

APPEAL from Travis, Twenty-sixth District. Tried below before Hon. R. E. BROOKS.

*T. W. Gregory* and *Geo. F. Pendexter*, for appellant.

*V. L. Brooks*, for appellee.

KEY, ASSOCIATE JUSTICE.—The city of Austin brought this action to recover amount alleged to be due by appellant as taxes on property owned by him and situated in the city of Austin. Appellant answered by general and special demurrers, general denial, and a special plea denying the authority of the council of the city of Austin to create a board of equalization, and attacking the action of said board in raising the values of his property for the purpose of taxation beyond the limit at which he had listed it to the assessor of taxes.

The court below overruled appellant's demurrers, and sustained the exceptions of appellee to that part of the answer which denied the power of the city to create the board of equalization and attacked the action of

the board. There was a nonjury trial resulting in a judgment for the city for $14,289.28 as taxes and penalties.

The case is submitted in this court on the following agreed statement of facts:

"1.   That the several ordinances levying taxes referred to in plaintiff's petition were duly passed, as alleged by plaintiff.

"2.   That the defendant owned the property described in the plaintiff's petition, as alleged therein.

"3.   That said property was assessed by him at the values stated in the petition, except where such values were raised by the board of equalization, as set out in defendant's answer, and it is admitted that the values were so raised by said board.

"4.   That said taxes have not been paid.

"5.   The plaintiff introduced the following ordinance prescribing a penalty for nonpayment of taxes, under which plaintiff claimed and recovered penalty for the year 1897:

" 'An ordinance amending article 171, title 5, chapter 4, of the revised civil ordinances of the city of Austin, as amended September 4, 1893. Be it ordained by the city council of the city of Austin:

" 'Sec. 1.   That article 171, title 5, chapter 4, of the revised civil ordinances of the city of Austin, be so amended as to hereafter read as follows:

" 'Article 171a.   The assessor and collector of taxes shall charge and collect the following penalties where real estate is levied on, advertised for sale, or sold for taxes due the city of Austin for one year, to wit:   For each levy, one dollar and fifty cents.

" 'For advertising the property of each delinquent taxpayer, one dollar.

" 'For executing deed of purchaser at tax sale, fifty cents.

" 'Sec. 2.   The collector and assessor shall, in addition to the above, collect the following penalties:   Where real estate has been advertised for sale for taxes, and there is no bidder at such tax sale, there shall be levied and collected five per cent on the total amount of taxes due, if not paid before the first day of December of each year.

" 'Sec. 3.   In all suits brought to collect taxes due the city of Austin, the penalties prescribed above shall also be charged and included in the amount sued for, so far as the same have been incurred.

" 'Sec. 4.   All penalties, including costs of district court, shall be paid into the general fund of the city.

" 'Sec. 5.   That this ordinance take effect and be in force from and after its passage.

" 'Passed February 18, 1895.   Approved February 19, 1895.

" 'JOHN McDONALD, Mayor.

" 'Attest:   Milton Morris, City Clerk.

" 'The above ordinance was published for ten days in the Austin Daily Statesman from November 20 to 30, 1896, as required by the charter.

" 'JOHN O. JOHNSON, City Clerk.

" 'I, Jno. O. Johnson, city clerk of the city of Austin, Texas, do hereby certify that the above and foregoing is a true and correct copy of the original ordinance and indorsements, as appears of record in ordinance book C, page 626, ordinance records of the city of Austin, Texas.

" 'Witness my hand, the seal of said city, this 12th day of October, A. D. 1899.  (Seal)                    JNO. O. JOHNSON, City Clerk.'

"No evidence was offered that said ordinance had been published, other than the certificate of the clerk attached thereto, and the indorsement shown on same.

"Sec. 6.  It was admitted that an ordinance fixing the penalty for 1898 was passed and published as alleged by plaintiff.

"Sec. 7.  Plaintiff introduced ordinances creating boards of equalization as provided by the charter, as follows:  Ordinance of August 3, 1891, amended October 5, 1891, creating a board of five members to be elected by the city council, which ordinance did not provide for personal notice to the taxpayers of any changes made by said board in the value of property rendered by them, but did provide for general notice, to be published in a newspaper, that the board would sit at a certain time and place to hear complaints of all taxpayers the value of whose property had been changed by said board, and also for such published notice to state the names of persons thus affected.

"Ordinance of July 16, 1896, creating a board of equalization of three members, to be elected by the city council, which provided for notice to be mailed to all taxpayers the value of whose property had been changed by said board, and also for published notice of the time and place when and where said board would hear complaints of taxpayers affected by such action.  That the first named ordinance remained in force until the ordinance of July 16, 1894, was passed, and said last named ordinance remained in force until the plaintiff's amended petition was filed herein.

"Sec. 8.  Plaintiff proved that notice of meetings of the board of equalization was published as required by the above recited ordinances for each of the years involved in this suit, and that notices were mailed at Austin for each of said years, properly addressed to defendant at his postoffice, but there was no evidence that defendant received such notices, or had any actual notice that the assessed values of his property had been raised by said board of equalization, further than that defendant appeared before said board in 1896.

"Sec. 9.  It is agreed that no evidence was offered that the city of Austin had ever issued any bonds, plaintiff relying alone on the ordinances levying taxes to pay interest on bonds, to establish the fact of the issuance of such bonds."

Section 41 of the charter of the city of Austin in force at the time of the enactment of the ordinances above referred to, in terms authorized the city council to provide by ordinance for the appointment of a board of equalization, to regulate their duties, and to provide for notices to be

given to taxpayers to appear before such board. And it is further stipulated in the section referred to that the determinations of such board shall be final, unless an appeal is taken therefrom to the County Court of Travis County; and the manner of perfecting the appeal is prescribed. It further provides that the decision of the County Court in such matters shall be final. The city charter was granted by an act of the Legislature entitled, "An Act to incorporate the city of Austin, to grant it a new charter, and to extend its boundaries."

It is contended on behalf of appellant that so much of the city charter as authorized the city council to create a board of equalization and regulate their duties, is unconstitutional: first, because it does not come within the subject expressed in the title of the act; and second, because the Legislature had no power to confer such jurisdiction upon the county court; and it is apparent, so appellant contends, that the Legislature would not have authorized the city council to create a board of equalization without providing for an appeal from the action of such board.

The Constitution provides that no bill, except general appropriation bills, shall contain more than one subject, which shall be expressed in the title; but it is well settled that this does not require the title of an act to do more than clearly indicate the general purpose of the proposed legislation. Under such a title, legislation on various subjects may be enacted, provided the subjects dealt with are connected with, and in furtherance of, the main object indicated by the title.

The title of the act under consideration was broad enough to authorize the Legislature to provide a complete system of municipal government, including the essential subject of taxation, and any mode which might be deemed advisable for the assessment and collection of taxes, including the creation of a board of equalization. In addition to the authorities cited in the brief of the city attorney, see Childress County Land and Cattle Company v. A. J. Baker, recently decided by this court, and the authorities therein cited.

The provision of the Constitution which provides that the Legislature shall have power by local or general law to increase, diminish, or change the civil and criminal jurisdiction of county courts, authorized the Legislature to confer jurisdiction on the County Court of Travis County in appeals from the action of the board of equalization. The appraisal of property for the purposes of taxation is of such a quasi-judicial nature that courts whose jurisdiction is limited by constitutional provision to the trial of civil and criminal cases may have jurisdiction conferred upon them for the trial of such matters on appeal from the action of boards of equalization. Edes v. Boardman, 58 N. H., 584; Boody v. Watson, 64 N. H., 162; Water Works v. Hughes County, 5 Dak., 145; Barhyte v. Sheppard, 35 N. Y., 238; 25 Am. and Eng. Enc. of Law, 265, and authorities cited in notes. Statutes conferring such jurisdiction in condemnation proceedings have frequently been sustained by the courts. Railway v. Lamphear, 1 White ·and W. C. C., sec. 308; Railway v. Tac-

quard, 3 Willson C. C., sec. 141; Taylor v. Travis County, 77 Texas, 333; Wharf Co. v. Railway, 72 Texas, 456; Railroad v. Kerfoot, 85 Texas, 267; Railroad v. Railroad, 86 Texas, 537; Travis County v. Trogdon, 88 Texas, 310. In so far as the question of jurisdiction is concerned, we see no distinction between proceedings to determine the value of property for the purpose of exercising the power of eminent domain, and to determine the value of such property for the purpose of taxation. If appellate jurisdiction can constitutionally be conferred upon the courts for the purpose of determining the question of value in the one instance, no logical reason has been suggested why it may not be done in the other.

Hence, we conclude that section 41 of the city charter is free from the objections urged against it, and not in violation of any provision of the Constitution. However, we agree with counsel for appellee, that if the Legislature was without power to confer jurisdiction upon the County Court of Travis County to revise the action of the board of equalization, that portion of the city charter can be eliminated, and the rest of the charter stand as a valid law. Without such right of appeal, a complete system of taxation was provided for; and the provisions in reference to the right of appeal, and the other provisions, are not so interdependent as to make it apparent that the Legislature would not have authorized the creation of the board without giving the right of appeal therefrom. Telegraph Co. v. State, 62 Texas, 630; Lytle v. Halff & Bro., 75 Texas, 136; Adams v. Waterworks, 26 S. W. Rep., 1104.

The fourth and fifth assignments of error complain of that portion of the judgment for taxes levied to pay interest and create a sinking fund for the redemption of bonds alleged to have been issued by the city, and designated as "waterworks and electric light bonds," and for taxes for the support and maintenance of the public free schools of the city; because no evidence was offered to show that such bonds had been issued, and that the city had assumed the management of the public free schools within its limits.

The city was not required to make the proof referred to. The city council was intrusted by law with the duty of levying taxes, and when it levied a tax for a  designated purpose, such levy constituted prima facie evidence that the facts existed which warranted the action of the council in making the levy. City of San Antonio v. Berry, 92 Texas, 319.

In response to the sixth assignment it is sufficient to say that the evidence was such as to warrant a finding that appellant had actual notice of the action of the board; and the trial judge not having filed any conclusions of fact, it will be presumed that the judgment was rendered upon that theory. However, we are unable to agree with the contention that the charter authorizing the city council to provide for notices to be given taxpayers required actual notice, and did not authorize notice by publication.

The seventh assignment of error may be disposed of with the statement that it was not necessary to prove that the persons who acted as a board of equalization had been appointed as such by the city council. Having filled the offices referred to, they were at least de facto officers, and their legal appointment will be presumed until the contrary is shown.

No error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.