### BURSON v. CITY OF SILVERTON.
#### No. 5196.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1940.

Rehearing Denied April 8, 1940.

against the appellant, Bland Burson, to recover delinquent taxes on Lots 10, 11 and 12 in Block 89 of the town of Silverton for the years 1931 to 1936, inclusive. The suit resulted in a judgment for the appellee in the sum of $105.57 with interest and for foreclosure of tax lien and order of sale. From such judgment comes this appeal.

The appellant asserts that the judgment should be reversed because the court failed to adjudge the value of the property involved as required by section 5 of article 7345b, Vernon's Annotated Civil Statutes. Section 8 of the same article provides that property sold for taxes shall not be sold to the owner or the taxing unit for less than the amount of the adjudged value or the amount of the judgment, whichever is the lower. The evidence in this case shows conclusively that the present value of the property is several times greater than the amount of the judgment herein for the taxes. Therefore, the court would not have been authorized under the evidence to have adjudged the value of the property at an amount less than the judgment. Under such circumstances no injury has resulted or will result to the appellant by the court's failure to appraise the property. Furthermore, there is no showing that the court was requested by the appellant to adjudge the value of the property. The trial court no doubt would have complied with such a request had it been made. No prejudice having been shown by the court's omission in this respect the assignment is overruled.

The appellant asserts that the assessments made against his property were greater in proportion to value than those made against other properties in the city of Silverton, that such assessments were not equal and uniform as required by law, and that he was discriminated against in respect to valuation. We are of the opinion that the testimony is sufficient to support the judgment of the court which, in effect, found that the taxes were equal and uniform and that the appellant was not discriminated against. The testimony not only fails to show any fraud in the valuations placed upon the property, but on the contrary shows that such valuations were fairly made and in keeping with the valuations placed upon other properties in the city. The testimony further shows that the City Council, acting as a Board of Equalization, exercised good faith in fixing

Dennis Zimmermann, of Tulia, for appellant.

C. D. Wright, of Silverton, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, City of Silverton, Briscoe County, Texas,

the valuation about which the appellant complains.

In the judgment of the court was included taxes on the property for the year 1936 in the sum of $11.16 plus interest and penalties thereon. The appellant attacks this portion of the judgment because he asserts that the City Council in the year 1936 acted as a Board of Equalization in fixing the valuation upon his property. The evidence shows that the City Council so acted in 1936 and all previous years involved in this controversy. The appellant makes no complaint in this respect in regard to the taxes for 1935 and previous years apparently by reason of the 1935 enactment by the Legislature of article 1027c of Vernon's Annotated Civil Statutes, which article validated all ad valorem tax levies in incorporated cities such as Silverton. No similar validating statute which would include the town of Silverton seems to have been passed since 1935. During the year 1936 article 1048, R.C.S. of 1925, provided city councils of towns incorporated under the general laws should "appoint three commissioners, each a qualified voter, a resident and property owner of the city or town for which he is appointed who shall be styled the board of equalization". In 1937 this article was amended in such manner that city councils may "within their discretion act as a Board of Equalization", Vernon's Ann.Civ.St. art. 1048, leaving the matter optional with them to so act or to appoint three commissioners as under the previous statute. The enactment of such amendment in 1937 therefore came too late to cure whatever defects existed in the action of the City Council in 1936 sitting as a Board of Equalization under its own appointment.

▮▮▮ The property involved was for some years rendered for taxation by the appellant himself and for some other years was rendered by his brother, Tony Burson, who seemed to represent the Burson family in controversies with the city over tax matters. The record shows that the Burson family owned a considerable amount of property in the city of Silverton. Tony Burson appeared before the Board of Equalization from time to time when the valuations were raised upon this property. He rendered the property of the appellant for the year 1935 at his own valuation of $905.00 which valuation was allowed to remain unchanged by the Board. He also rendered the same property in 1936 at only $445, but the Board, after due notice, raised the valuation to $745. He testified that the valuations at which the property was rendered for the various years was what he thought its market value to be for such years or what it would have sold for. He did not indicate why he thought there was such a discrepancy in his estimate of the value of the property in 1935 and 1936, that is, why he placed a value of $905 on the property in 1935 and only $445 in 1936. Although taxes for 1937 were not in issue in this case the testimony shows that for such year the appellant himself rendered the property at $600 and that the Board allowed it to so remain. Therefore, it will be seen that the Board raised the property valuation for 1936 only $145 more than that at which the appellant rendered it in 1937 and that the valuation of $745 placed upon the property by the Board in 1936 was considerably less than the amount of $905 for which it was rendered in 1935. It is therefore evident that the Board placed a fair valuation upon the property and the appellant fails to show any material harm has resulted to him under such valuation. Moreover, the conduct of the City Council in performing the duties of a Board of Equalization was merely an assumption of an additional burden upon themselves in harmony with the duties of their respective offices as Councilmen and certainly not incompatible thereto. Under such circumstances, we think, such Council members constituted at least a de facto Board of Equalization whose authority to so act the appellant cannot at this late date successfully attack in this proceeding. City of Houston v. Stewart, 99 Tex. 67, 87 S.W. 663; Germany v. State, 109 Tex.Cr.R. 180, 3 S.W.2d 798; First Baptist Church v. City of Fort Worth, Tex.Com.App., 26 S.W.2d 196; Jones et al. v. Alexander et al., 122 Tex. 328, 59 S.W.2d 1080; Zachary et al. v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417; State ex rel. Goodnight v. Goodwin et al., 69 Tex. 55, 5 S.W. 678; Cole et al. v. Forto et al., Tex.Civ.App., 155 S.W. 350; Nalle v. City of Austin, 23 Tex.Civ.App. 595, 56 S.W. 954, writ denied; Martin v. Grandview Independent School Dist., Tex.Civ.App., 266 S.W. 607, writ refused; Scollard v. City of Dallas, 16 Tex.Civ.App. 620, 42 S.W. 640, writ denied.

The judgment is affirmed.