

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

August 22, 1949

Hon. Maxwell Welch
District Attorney
53rd Judicial District
New Boston, Texas

Opinion No. V-890

Re: Validity of tax sale for
less than the judgment
and related questions.

Dear Sir:

Your opinion request is, in part, as follows:

"In 1945, I, as County Attorney of Bowie
County, Texas, filed a suit in the District
Court of Bowie County, Texas, to foreclose a
tax lien against 435 acres of land in Bowie
County. The plaintiffs in the case were State
of Texas, the county, common school district,
and the road bond district, and judgment was
recovered for the amount of the taxes, penal-
ties and interest due the respective taxing
units for a total of $2600.00. Thereafter, and
in the proper legal manner, the property was
sold by the Sheriff at public sale to the high-
est bidder. The highest bid made for the land
was $1800.00, and the Sheriff executed a deed
to the purchaser conveying the property for a
consideration of $1800.00, same being $800.00
less than the amount of the judgment recovered.
The purchaser immediately went into possession
of the property and made valuable improvements
therein, and has since such time had continu-
ous possession. The prior owners who were de-
fendants in the tax suit did not redeem the
property and the period for redemption has ex-
pired. The Sheriff paid the $1800.00 into the
office of the District Clerk, and the Tax Col-
lector refused to accept the same from the Dis-
trict Clerk and the Clerk has held said money
since 1945. The fact that the property was
sold for less than the amount of the taxes
was not reported to me at the time, and I had
no knowledge of it for approximately a year af-
ter the sale was made, and by that time the

purchaser had completed valuable improvements on the premises.

"I would like to know if the sale under the circumstances above outlined passed the title to the purchaser, and if so, how should the Tax Collector account for the deficiency. I would also like to know how to arrive at an apportionment of the amount received as between the four taxing units who were plaintiffs in the suit. In other words, what do we do now?"

Section 5 of Article 7345b, V.C.S., provides:

"Upon the trial of said cause the Court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled 'adjudged value,' which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section."

Section 8 of Article 7345b, V.C.S., reads in part as follows:

"No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, . . ."

You failed to advise us as to whether the Court heard evidence upon the reasonable fair value of the prop-

erty and incorporated in the judgment a finding of the reasonable fair value thereof. If the Court complied with the provisions of said Section 5 and the "adjudged value" is in the amount of $1800.00 or less, then the sale passed title to the purchaser. In that event, if the tax assessor-collector refuses to accept the $1800 less the court costs, he could be required to accept such amount and issue proper redemption receipts by a mandamus suit.

The Court in a tax foreclosure suit is not required to comply with the provisions of said Section 5 as to "adjudged value" unless requested by the taxpayer. Burson v. City of Silverton, 138 S.W.2d 921 (Tex. Civ. App., 1940, error dism. judgm. cor.)

Assuming that an "adjudged value" was not found and incorporated in the judgment, or that if an "adjudged value" was found and the amount thereof exceeded the sum of $1800.00, you are advised that the sale was void and the deed did not pass title to the purchaser. In that event, assuming that the judgment is valid, you should have an order of sale issued and proceed to sell the property thereunder, as provided by Article 7345b, V.C.S.

The quoted part of Section 8 prohibits property sold for taxes to be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value of the property or the aggregate amount of the judgments against the property, whichever is lower.

We are enclosing Attorney General's Opinion No. O-738, which holds that a bid by a private person for less than the amount of the judgment is void. See Dandiger v. State, 140 Tex. 252, 166 S.W.2d 914 (1942).

Where the adjudged value is less than the amount of the judgment, and the purchaser bids an amount at least equal to the adjudged value and less than the full amount of the judgment, the proceeds shall be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of

Hon. Maxwell Welch, Page 4      (V-890)

their respective tax liens as established in said judgment as provided in Section 8 of Article 7345b.

### SUMMARY

A sale of property for taxes to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value (if any) of said property, or the aggregate amount of the judgments against the property, whichever is lower, is void, and the deed passes no title to the purchaser. A. G. Opinion No. 0-738. See Danoiger v. State, 140 Tex. 252, 166 S.W.2d 914 (1942).

Where the adjudged value is less than the amount of the judgment, and the purchaser bids an amount at least equal to the adjudged value and less than the full amount of the judgment, the proceeds shall be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment as provided in Section 8 of Article 7345b.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG:b

APPROVED:

*Price Daniel*
ATTORNEY GENERAL