

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 14, 1951

Hon. R. L. Frasier
County Attorney
Somervell County
Glen Rose, Texas

Opinion No. V-1192.

Re: Legality of one person
holding at the same
time the offices of
justice of the peace
and county commission-
er.

Dear Sir:

You have requested reconsideration of Attorney
General's Opinions O-2640 (1940), V-828 (1949), and At-
torney General's Opinion, Bk. 27, p. 207 (1913), published
in Report and Opinions of Att'y Gen., 1912-1914, p. 727,
which hold that the same person may not hold the offices
of county commissioner and justice of the peace simultane-
ously for the reason that the duties of the two offices
are incompatible.

Section 26 of Article VII of the Constitution
of Texas of 1845, 1861, and 1866 provided:

"No person shall hold or exercise
at the same time, more than one civil of-
fice of emolument, except that of Justice
of the Peace."

Section 30 of Article III of the Constitution
of Texas of 1869 provided:

"No judge of any court of law or equity,
Secretary of State, Attorney General, clerk
of any court of record, sheriff or collector,
or any person holding a lucrative office un-
der the United States, or this State, or any
foreign government, shall be eligible to the
Legislature nor shall at the same time hold
or exercise any two offices, agencies, or ap-
pointments of trust or profit under this
State; Provided, that offices of militia
to which there is attached no annual salary,
the office of postmaster, notary public, and
the office of justice of the peace, shall not
be deemed lucrative; and that one person may
hold two or more county offices, if so pro-
vided by the Legislature."

Section 40 of Article XVI of the Constitution of Texas of 1876, as amended, provides:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National Guard Reserve, or an officer in the Officers Reserve Corps of the United States, or an enlisted man in the Organized Reserves of the United States; or retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, from holding in conjunction with such office any other office or position of honor, trust or profit, under this State or the United States, or from voting at any Election; General, Special or Primary, in this State when otherwise qualified." (Emphasis added throughout.)

The underlined portion constituted Section 40 of Article XVI in 1876. The remaining portion was added by amendments adopted in 1926 and 1932. It is noted that since 1845 the Constitutions of Texas have prohibited the holding of two offices of emolument at the same time by one person. Since 1845 the office of justice of the peace has been expressly exempt from its provisions. Since 1876 the office of county commissioner has likewise been expressly exempt from its provisions. Therefore, the provisions of Section 40 of Article XVI insofar as they pertain to your request have remained unchanged since 1876.

Although the office of county commissioner and the office of justice of the peace are exempt from the provisions of Section 40 of Article XVI, the common law rule that one person cannot hold both offices at the same time if the duties of the office are incompatible is recognized in this State. Thomas v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex. Comm. App. 1927); Pruitt v. Glen Rose Ind. School Dist. No. 1, 126 Tex. 45 84 S.W.2d 1004, 100 A.L.R. 1158 (1935).

In the latter case the Supreme Court stated, at 84 S.W.2d 1007:

"The text, 34 Tex. Jur. 354, Sec. 19, summarizes the rule, thus: 'Having elected to accept and qualify for the second office, ipso facto and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply.'"

In an annotation to this case, 100 A.L.R. at 1164, the rule is stated as follows:

"It is a well-settled rule of the common law that a person cannot at one and the same time rightfully hold two offices which are incompatible, and, thus, when he accepts appointment to the second office, which is incompatible, and qualifies, he vacates, or by implication resigns, the first office."

The common law rule relative to the holding of two offices is summarized in Attorney General's Opinion V-303 (1947) as follows:

"At common law (adopted as the law of Texas in Article 1, R.C.S., when not inconsistent with our statutes or Constitution), 'there is no limit to the number of offices which may be held simultaneously by the same person,

provided that neither of them is incompatible with any other; and this rule extends to offices of the highest grade, and which involve, for their adequate performance, the greatest expenditure of time and labor.' Throop, Public Officers, p. 33.  It is stated in Vol. 2 (Rev.) McQuillin on Municipal Corporations, at page 144, that, 'The same person may hold different offices which are not incompatible, unless forbidden by law.'  43 Am. Jur. 153 recites that: 'In the absence of express or implied statutory provisions to the contrary, an officer who holds two or more separate and distinct offices, not incompatible, is entitled to the compensation attached to each office.'  And in 46 Corpus Juris, page 941, it says, 'At common law the holding of one office does not of itself disqualify the incumbent from holding another office at the same time, provided there is no inconsistency in the functions of the two offices in question . . . The inconsistency . . . does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, as where one is subordinate to the other . . . or has the power to remove the incumbent of the other, or to audit the accounts of the other.'

"Meecham on Public Offices and Officers, p. 269, announces the rule to be that: '. . . the mere physical impossibility of one person's performing the duties of the two offices as from the lack of time or the inability to be in two places at the same moment, is not the incompatibility here referred to.  It must be an inconsistency in the functions of the two offices, as judge and clerk of the same court, claimant and auditor, and the like.'"

This principle of law is followed in practically every jurisdiction of this nation.  See annotations in Note, 100 A.L.R. 1162.

It is apparent from the foregoing authorities that Section 40 of Article XVI of the Constitution was adopted as a limitation on the common law rule allowing

one person to hold at the same time two offices which are not incompatible. See Note, 100 A.L.R. at 1170. Section 40 of Article XVI prohibits the holding of two offices of emolument at the same time by one person even though the duties of the two offices may be compatible. Certain offices are expressly exempt from its provisions, but as pointed out above, this exemption does not authorize the holding of two offices the duties of which are incompatible. Therefore, the remaining question to be determined is whether the duties of county commissioner and justice of the peace are incompatible.

It is the duty of the commissioners' court to approve or disapprove the accounts of justices of the peace for fees in criminal actions. Art. 1052, V.C.C.P. It is the duty of the commissioners' court to fill vacancies arising in the office of justice of the peace. Tex. Const. Art. V, Sec. 28; Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922). It is the duty of the commissioners' court to divide the county from time to time into justice precincts. Tex. Const. Art. V, Sec. 18. Other instances of supervision of the commissioners' court over justices of the peace might also be cited. It is therefore our opinion that the duties of county commissioner and justice of the peace are incompatible. See Thomas v. Abernathy County Line School Dist., supra; Knuckles v. Board of Education of Polk County, 272 Ky. 431, 114 S.W.2d 511 (1938).

In the brief which you submitted with your opinion request, you referred to the holding in Bluitt v. State, 56 Tex. Crim. 525, 121 S.W. 168 (1909), that a person might hold the offices of county commissioner and road commissioner at the same time. In that case, a statute made the county commissioners ex-officio road commissioners. The court held that the county commissioners were "charged by law with the duty, authority, and obligation of giving attention to all matters affecting public roads in their respective counties, and the duties imposed on the commissioners of Ellis County by this act come reasonably and seasonably within the general scope of their duties under the law." This case comes within the rule announced in Kugle v. Glen Rose Ind. School Dist. No. 1, 50 S.W.2d 375 (Tex.Civ.App. 1932), affirmed, Pruitt v. Glen Rose Ind. School Dist. No. 1, supra:

"It is doubtless permissible for the Legislature to assign to the county tax collector the duty of collecting the taxes of independent school districts, as is done under the provisions of Revised Statutes, article 2792, for the collector in discharging such duties is not holding two offices, but is merely performing extra duties assigned to the one office. First Baptist Church v. City of Fort Worth (Tex.Com.App.) 26 S.W.(2d) 196; City of Houston v. Stewart, 99 Tex. 67, 87 S.W. 663; Powell v. Wilson, 16 Tex. 59."

See Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933).

For the reasons herein stated, we affirm the holding in Attorney General's Opinions O-2640 (1940), V-838 (1949), and Attorney General's Opinion, Bk. 27, p. 207 (1913), and you are advised that the same person may not hold the office of county commissioner and justice of the peace at the same time.

## SUMMARY

The same person may not hold the offices of county commissioner and justice of the peace at the same time for the reason that the duties of the two offices are incompatible. Thomas v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex. Comm.App. 1927); Pruitt v. Glen Rose Ind. School Dist. No. I, 126 Tex. 45, 84 S.W.2d 1004, 100 A.L.R. 1158 (1935); Knuckles v. Board of Education of Polk County, 272 Ky. 431, 114 S.W.2d 511 (1938).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant