

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 12, 1973

Honorable Wilson E. Speir
Director, Texas Department
of Public Safety
P. O. Box 4087
Austin, Texas 78773

Opinion No. H- 7

Re: Whether persons holding
commissions as Special
Rangers pursuant to
Art. 4413(11), Subsection
(5) may also hold posi-
tions as certain other
State officials or officers?

Dear Col. Speir:

Article 4413(11)(5) provides that the Public Safety Commission has
authority to appoint Special Rangers under certain circumstances. It
details the extent of their authority and limits their number. It provides
that they shall receive no compensation from the State for their
services.

You have requested our opinion as to whether the following
State officers or employees could hold their job or office and, at the
same time, serve as a Special Ranger:

    (1) An elected judge of the State of Texas;

    (2) A State legislator;

    (3) An appointed member of the staff of an elected
       member of the state legislature;

    (4) An elected member of the executive department of
       the government of the State of Texas.

Your question requires that we consider three separate and
distinct limitations upon the holding of dual offices:

    (1) The common-law doctrine that one person may not
       hold two incompatible offices;

-24-

(2) The prohibition of Article 2, Section 1 of the Constitution of Texas (the Doctrine of Separation of Powers) that one person "being of one" department shall not exercise any power attached to either of the others;

(3) Limitations on dual office holding imposed by Sections 33 and 40 of Article 16 of the Constitution of Texas.

Without knowing a great deal more about the duties of the person under consideration for appointment as Special Ranger, we cannot advise whether those duties would be incompatible at common law with the duties of a Special Ranger. You have called to our attention Attorney General Opinion No. O-1263(1939) in which it was held that a person could not hold the offices of deputy sheriff and Special Ranger at the same time because the two were incompatible. This is in accord with the common law doctrine that one person may not hold two incompatible offices. Thomas v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex. Comm. App. (1927)); Pruitt v. Glen Rose Ind. School Dist. No. 1, 126 Tex. 45, 84 S.W. 2d 1004 (1935); 47 Tex. Jur. 2d, Public Officers, Sec. 28, p. 42 and cases cited therein.

Article 2, Section 1 of the Constitution of Texas, after providing that the powers of the government shall be divided into legislative, executive and judicial departments, states:

". . . and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others except in the instances herein expressly permitted. "

The Texas Rangers are a part of the Department of Public Safety, an executive department. Article 4413(1) et seq, Vernon's Texas Civil Statutes.

Article 4413(11)(5) defines Special Rangers and limits their powers. It provides a maximum number to be appointed; that they shall not have any connection with any ranger company or uniformed unit of the Department of Public Safety; that they shall be subject to

the orders of the Commission and the Governor; that they shall not have authority to enforce any laws except those designed to protect life and property and are denied the authority to enforce any laws regulating the use of state highways; that they shall receive no compensation; that they shall execute a bond. These functions involve the exercise of a "power properly attached to" the executive department and, therefore, no person "being of one of" the other departments, i. e. the Legislature or the judiciary, may be appointed a Special Ranger. In City of Houston v. Stewart, 99 Tex. 67, 87 S. W. 663 (1905) the court, in holding that there was no constitutional prohibition against conferring certain additional executive powers upon a city alderman, said, as dictum:

> "There is no constitutional prohibition against conferring power upon any officer except that the authority vested in the officers of one department of the government shall not be conferred upon those of another department. . ." (87 S. W. at 665)

We interpret this section of the Constitution to mean that "being of" one of the departments includes more than just being one of the officers of that department, and that an employee of one department is barred from assuming any position or office in either of the other two departments if he exercises governmental powers in any department.

We conclude, therefore, that an elected state or county judge and a state legislator would be barred from appointment as a Special Ranger by Article 2, Section 1 of the Constitution. Likewise, an appointed member of the staff of a member of the Legislature, "being of" the legislative branch, could not exercise executive power as a Special Ranger, whether or not his legislative position involved the exercise of legislative power.

With reference to the fourth category, i. e. "an elected member of the executive department of the government of the State of Texas," it is possible that common law incompatibility might apply although this is a factual question upon which we can have no present opinion. The separation of powers limitation of Article 2, Section 1 of the Constitution would not apply and, barring some incompatibility, eligibility for dual employment would depend upon whether the provisions of Sections 33 and 40 of Article 16 of the Constitution, both of which were amended in 1972, would apply.

As amended Section 33 of Article 16 of the Constitution of Texas reads:

> "The Accounting Officers in this State shall neither draw or pay a warrant or check on funds of the State of Texas, whether in the Treasury or otherwise, to any person for salary or compensation who holds at the same time more than one civil office of emolument, in violation of Section 40."

As amended, therefore, Section 33 is entirely dependent upon a violation of Section 40. Section 40, as amended, may be broken into five separate sentences or phrases:

> 1. "No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and retired warrant officers, and retired enlisted men of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and the officers and directors of soil and water conservation districts, unless otherwise specially provided herein.

> 2. "Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National Guard Reserve, or an officer in the Officers Reserve Corps of the United States, or an enlisted man in the Organized Reserves of the United States, or retired officers of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and retired warrant officers, and retired enlisted men of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and officers of the State soil and water conservation districts, from holding at the same time any other office or position of honor, trust or profit, under this State or the United States, or from voting at any election, general, special or primary in this State when otherwise qualified.

-27-

3. "State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

4. "It is further provided that a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the State or Federal law, and there is no conflict with the original office for which he receives salary or compensation.

5. "No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law."

The first of these does not apply to the situation about which you inquire because the office of Special Ranger is not a "civil office of emolument."

The second sentence is likewise inapplicable because you do not ask about an officer or enlisted man in one of the services or reserve components nor about an officer of any of the State soil and water conservation districts.

The third sentence applies to state employees who seek positions on local governing bodies, not within the scope of your question.

The fourth sentence applies to non-elective offices and, since your question specifically inquires about an elected officer in the executive department of the government, it does not apply.

The fifth and last sentence applies exclusively to members of the Legislature.

We find nothing, therefore, in either Section 33 or Section 40 of Article 16 of the Constitution to deny an elected member of the executive department an appointment as a Special Ranger.

Your letter requested our opinion as to whether certain specified officers or employees could be appointed as Special Rangers. Our answers are:

      (1) An elected judge could not;

      (2) A state legislator could not;

      (3) An appointed member of the staff of an elected member of the State legislature could not;

      (4) An elected member of the executive department of the government could be appointed.

### - SUMMARY -

The office of Special Ranger is an office in the executive branch of the government and appointment of an elected judge or a state legislator to be a Special Ranger would violate Article 2, Section 1 of the Constitution. Designation of an appointed member of the staff of an elected member of the Legislature likewise would be violative of Article 2, Section 1 of the Constitution.

An elected member of the executive department of the government of the State of Texas may be appointed a Special Ranger provided there is no incompatibility between the office of the appointee and the office of Special Ranger.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee